## LEWICKI v. JOHN C. WIARDI & CO.

(District Court, E. D. New York. April 23, 1914.)

1. ALIENS (§ 4*)—REMEDY FOR INJURIES—STATUTORY PROVISIONS.

The cause of action given by Labor Law N. Y. (Consol. Laws, c. 31) § 200, which provides that when personal injury is caused to an employé in the exercise of due care and diligence, by any defect in the ways, works, machinery, etc., or by the negligence of any person intrusted with superintendence, the employé shall have the same right of compensation and remedies as if he had not been an employé, is not limited to citizens of the United States, and an alien may sue thereunder in a United States court, in view of Judicial Code, § 28 (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), allowing removals of actions, and section 38 providing that, in suits so removed, the District Court shall proceed as if the suit had been originally commenced in that court, as the courts of the state and of the United States have jurisdiction over suits by aliens against citizens.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 4; Dec. Dig. § 4.*]

2. COURTS (§ 280*)—JURISDICTION—RAISING QUESTION OF JURISDICTION.

The defense that a United States District Court has no jurisdiction over the alleged cause of action can be raised at any time.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

3. COURTS (§ 280*)—DEFENSES—LACK OF JURISDICTION.

A defense that the court has no jurisdiction of the cause of action must be based upon some defect apparent on the record or appearing upon the proof.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

4. COURTS (§ 280*)—DEFENSES—LACK OF JURISDICTION.

A defense that the court has no jurisdiction of the alleged cause of action must point out or definitely state the defect, so as to be apparent to the court, and must be sufficient to form the basis of a judgment apart from the portions of the record relied upon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

At Law. Action by Kostanti Lewicki against John C. Wiardi & Co. On demurrer to certain defenses. Sustained.

Max Keve, of New York City, for plaintiff.
Robert M. McCormick, of New York City, for defendant.

CHATFIELD, District Judge. [1] Plaintiff is an alien and has sued, alleging a cause of action under the Employers' Liability Law of New York (Consol. Laws, c. 31, §§ 200–204). A "third defense" to the cause of action which, or so much of the cause of action as,

arose under that statute was based upon allegations that the plaintiff could not invoke the New York statute which was alleged to be limited to citizens.

Plaintiff cites the case of Krzus v. Crow's Nest Pass Coal Co., 16 Br. C. 120, and Jeffries v. Boosey, 4 House of Lords Cases, 815, to show that the English and Canadian statutes extend the benefit of those statutes to no one but citizens. But the New York statutes (Consolidated Laws 1909, c. 31, § 200) gives a cause of action against an employer to any employé. The courts of New York and of the United States have jurisdiction over suits by aliens against citizens, and the laws of the United States (section 28 of the Judicial Code [Act March 3, 1911, c. 231, 36 Stat. 1094, U. S. Comp. St. Supp. 1911, p. 140]) allow removal of such a cause of action and provide for application of the state laws in so far as may be (section 38).

[2-4] A "fourth defense" is a plea that the federal court has not "jurisdiction over the alleged cause of action." This defense can be raised at any time. It must be based upon some defect either apparent upon the face of the record or appearing upon the proof.

Before ruling upon such an objection, the defect must be pointed out or definitely stated in such a way as to be apparent to the court. In this respect the "fourth defense" is not sufficient, as it stands, to form the basis of a judgment apart from the portions of the record relied upon. In a sense, therefore, the demurrer is well founded, so far as the criticism of the wording of the "defense" is based merely upon the wording when standing alone.

The demurrer to the "third defense" will therefore be sustained, and the demurrer to the "fourth defense" will be sustained to the extent of requiring a statement of the alleged defect in jurisdiction before it will be heard by the court.